UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

IDEA NUOVA, INC.,

Docket #:

                    Plaintiff,

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**

          -against-

TOKIO MARINE AMERICA
INSURANCE COMPANY,

                    Defendant.
---------------------------------------------------------------------X

Plaintiff, IDEA NUOVA, INC. by its attorneys, LERNER, ARNOLD & WINSTON,

LLP, as and for its Complaint, alleges upon information and belief as follows:

## THE PARTIES

1.       At all times hereinafter mentioned, Plaintiff IDEA NUOVA, INC. (hereinafter

referred to as "Plaintiff") was and still is a domestic corporation, organized and existing under

and by virtue of the laws of the State of New York, with its principal place of business located

in the State of New York.

2.       At all times hereinafter mentioned, Defendant TOKIO MARINE AMERICA

INSURANCE COMPANY (hereinafter referred to as "Defendant") was and still is a foreign

business corporation, organized and existing under and by virtue of the laws of the State of

New York, with its principal place of business located in the State of New York.

3.       At all times hereinafter mentioned, Defendant was authorized by the

superintendent of insurance to issue policies in the State of New York, including the policy

issued to Plaintiff.



## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter based on the express provisions of the underlying contract, which is a marine policy, providing that any action based on the contract be brought in the United States District Court for the Southern District of New York. A copy of the Policy is annexed hereto as Exhibit "A."

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.  In particular, upon information and belief, Defendant has solicited business in this District and has issued policies of insurance within this District, including the policy of insurance to the above named Plaintiff.

## BACKGROUND FACTS

6.      Heretofore and prior to January 2, 2018, Defendant TOKIO MARINE AMERICA INSURANCE COMPANY issued to Plaintiff IDEA NUOVA, INC. a Marine Cargo Policy of insurance, bearing number T06-0011643 (hereinafter referred to as "the Policy"), which policy insured plaintiff's goods and merchandise against damage while both in transit, and while stored at various warehouse locations specifically scheduled in the Policy, with effective dates of coverage from September 13, 2017 through September 13, 2018.

7.      The Policy specifically scheduled a warehouse located at 80 Richard Street, Brooklyn, New York (hereinafter "the subject warehouse"), and provided $4,950,000.00 in



coverage for goods and merchandise maintained at this location, subject to a $100,000.00 deductible.

8. On January 2, 2018, a water damage loss at the subject warehouse caused extensive damage to plaintiff's goods and merchandise stored therein (hereinafter "the Loss").

9. Plaintiff subsequently submitted a claim to Defendant seeking to be indemnified for the damages sustained to its goods and merchandise by virtue of the Loss.

10. While Defendant has paid Plaintiff for a portion of the damages sustained as a result of the Loss, it has failed and refused to indemnify Plaintiff for the full extent of the damages it has sustained.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

11. Plaintiff repeats, reiterates and realleges each and every allegation set forth in preceding paragraphs numbered "1" through "10," inclusive, with the same force and effect as though more fully set forth herein at length.

12. Prior to January 2, 2018, for good and valuable consideration, Defendant issued the Policy to Plaintiff.

13. The Plaintiff is a named insured within the Policy.

14. The subject warehouse is a covered property within the Policy



15.     The Policy maintained effective dates of coverage from September 13, 2017 through September 13, 2018.

16.     The Policy provided Plaintiff with insurance coverage for direct physical loss of or damage to its goods and merchandise maintained at the subject premises caused by or resulting from any covered cause of loss, with said insurance coverage subject to certain terms, conditions, exclusions and/or limitations.

17.     At all times hereinafter mentioned, the Plaintiff maintained an insurable interest in the subject goods and merchandise.

18.     On and around January 2, 2018, while the Policy was in full force and effect, Plaintiff's goods and merchandise were damaged as a result of the Loss.

19.     None of the exclusions contained in the warehouse endorsement serve as a basis to deny coverage to Plaintiff for the Loss.

20.     Subsequent to January 2, 2018, and pursuant to the terms of the Policy, the Plaintiff submitted an insurance claim to the Defendant seeking to be indemnified for the full amount of covered damages sustained to its goods and merchandise as a result of the Loss.

21.     While Defendant has paid Plaintiff for a portion of the damages sustained as a result of the Loss, it has failed and refused to indemnify Plaintiff for the full extent of the damages it has sustained, despite the fact that same has been duly demanded.

22.     Defendant's failure to indemnify Plaintiff for all of the damages sustained to its goods and merchandise as a result of the Loss constitutes a breach of contract.

23.     Plaintiff has complied with all of the terms and conditions of the Policy.



24.     As a result of the Defendant's above mentioned breach of contract, Plaintiff has been damaged in the sum of at least $942,691.08 with the precise amount to be determined at the trial of this action.

WHEREFORE, Plaintiff demands judgment against Defendant on its Cause of Action for Breach of Contract in the sum of at least $942,691.08, with the precise amount to be determined at the trial of this action, altogether with the costs and disbursements of this action, including reasonable attorney's fees.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        October 18, 2019

                                     Yours, etc.

                                     LERNER, ARNOLD & WINSTON, LLP
                                     Attorneys for the Plaintiff

                                     By___/s/ Johnathan C. Lerner_____
                                            Johnathan C. Lerner
                                     475 Park Avenue South, 28th Floor
                                     New York, New York 10016
                                     (212) 686-4655

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IDEA NUOVA, INC.,

                        Plaintiff,

         -against-

TOKIO MARINE AMERICA
INSURANCE COMPANY,

                    Defendant.
-------------------------------------------------------------X

Docket #:

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

*LERNER, ARNOLD & WINSTON, LLP*
*Attorney for Plaintiffs*
*475 Park Avenue South (28th Floor)*
*New York, New York 10016*
*(212) 686-4655*