```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                            :
IDEA NUOVA, INC.,                                           :
                                                            :
                        Plaintiff,                          :
                                                            :          19-CV-9633 (JPC)
        -v-                                                 :
                                                            :          NOTICE OF
TOKIO MARINE AMERICA INSURANCE COMPANY,                     :          REASSIGNMENT
                                                            :
                        Defendant.                          :
                                                            :
---------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

      This case has been reassigned to the undersigned. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment, except that the post-discovery conference scheduled for November 20, 2020 at 10:30 a.m. is adjourned to November 20, 2020 at 11:00 a.m. In light of the ongoing COVID-19 pandemic, the Court will conduct the conference by teleconference. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-john-p-cronan.**

      Additionally, within two weeks of the filing of this Order, the parties are hereby ORDERED to file on ECF a joint letter, described below, updating the Court on the status of the case. The joint letter shall not exceed five (5) pages, and shall provide the following information, to the extent it is relevant, in separate paragraphs:

      1.    Names of counsel and current contact information, if different from the information currently reflected on the docket;

2. A brief statement of the nature of the case and/or the principal defenses thereto;

3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be

appropriate and, if so, when in the case (*e.g.*, within the next sixty days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, *available at* http://nysd.uscourts.gov/ecf_filing.php. In accordance with the Court's Individual Rules and Practices, requests for extensions or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or scheduled appearance, absent compelling circumstances. The written submission must state (1) the original date(s) set for the appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

SO ORDERED.

Dated: October 13, 2020
New York, New York

JOHN P. CRONAN
United States District Judge

3